NOTE:   This disposititon is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3414

MICHAEL D. CHAMBERS,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Michael D. Chambers, of New Smyrna Beach, Florida, pro se.

Elizabeth Thomas, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee,  Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3414

MICHAEL D. CHAMBERS,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED: February 7, 2007

_____

Before GAJARSA, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Michael D. Chambers ("Chambers") seeks review of the initial decision of the administrative judge ("AJ") for the Merit Systems Protection Board ("Board"), Chambers v. Dep't of the Interior, No. AT-0831-05-0395-I-2 (M.S.P.B. Mar. 29, 2006) ("Initial Decision"), which became the final decision of the Board after the Board denied his petition for review, Chambers v. Dep't of the Interior, No. AT-0831-05-0395-I-2 (M.S.P.B. Aug. 16, 2006). In that decision, the Board denied Chambers law enforcement officer ("LEO") credit for his service as a Park Ranger, GS-7, at Cape Canaveral National Seashore. We review the Board's decision for substantial evidence. See 5 U.S.C. § 7703(c). Because the Board's decision that Chambers failed to prove

that he was a law enforcement officer within the Civil Service Retirement System ("CSRS") statutory definition is supported by substantial evidence, we affirm.

The gravamen of Chambers' petition is that notwithstanding the Board's findings, his position involved law enforcement and should be considered to be a LEO position under CSRS. At issue, however, is not the ordinary or casual definition of "law enforcement," but CSRS's technical definition, which specifically excludes the everyday patrol duties in which Chambers was engaged. See 5 U.S.C. § 8331(20). Even though Chambers did engage in "the apprehension, investigation, or detention of individuals suspected of or who have violated the criminal laws of the United States," id., the Incident Reports that Chambers submitted to the Board reflect that such activities were relatively infrequent. See Initial Decision, slip op. at 11. This is consistent with both his written position description and the averments of the Superintendent of Canaveral National Seashore, Wendell Simpson. See id., slip op. at 7–10.

These facts constitute substantial evidence in support of the AJ's finding that these activities were not the primary duties of Chambers' position. It follows that he was not a "law enforcement officer" within the narrow CSRS definition. The LEO statuses of Chambers' coworkers are irrelevant because they are not covered by CSRS and the decisions in their cases were made on the basis of their own separate situations and evidence.

## COSTS

No costs.

2006-3414                                    2